IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIDWEST UNITY, INC.,            ) | Case No. 1:20-cv-2373 |
|                                 ) | |
|    Plaintiff,    ) | |
|                                 ) | MAGISTRATE JUDGE |
| v.                              ) | THOMAS M. PARKER |
|                                 ) | |
| CATALINA GROUP, LLC, et al.,    ) | |
|                                 ) | **ORDER** |
|    Defendants.   ) | |
|                                 ) | |

Plaintiff Midwest Unity, Inc. ("Midwest"), seeks leave to file an out-of-time response to defendants Catalina Group, LLC's ("Catalina") and Dominic Deluca's motion for summary judgment. ECF Doc. 20. Defendants have filed a brief in opposition to Midwest's motion. ECF Doc. 21. Because Midwest has established excusable neglect to reopen the case management schedule, Midwest's motion is GRANTED. As will be discussed below, the court further orders that defendants' motion for summary judgment (ECF Doc. 15) is DENIED WITHOUT PREJUDICE and that the below briefing schedule be established.

I.      **Relevant Background**

On October 19, 2020, Midwest filed its complaint against defendants. ECF Doc. 1. On November 11, 2020, defendants answered and asserted counterclaims against Midwest. ECF Doc. 9. On November 30, 2020, the court established an initial case litigation schedule, under which discovery was to be completed by March 31, 2021. Docket Entry dated 11/30/2020; see ECF Doc. 12. On February 12, 2021, the case was referred to mediation. Docket Entry

dated 2/12/2021. On April 29, 2021 – before the scheduled mediation – defendants moved for summary judgment. ECF Doc. 15. Mediation concluded on May 31, 2021 without an agreement. Docket Entry dated 5/07/2021. Pending the establishment of a new case litigation schedule, the court held all briefing in abeyance. Docket Entry dated 5/10/2021. The court then set a new case litigation schedule, under which: (i) discovery was due by August 31, 2021; and (ii) dispositive motions were due by October 1, 2021, with responses due by November 1, 2021 and replies by November 15, 2021. Docket Entry dated 6/02/2021.

Meanwhile, defendants noticed nonparty Claude Willis for deposition, which was set to occur on August 3, 2021; but defense counsel contracted the COVID-19 virus and the deposition was moved to September 28, 2021. ECF Doc. 18 at 1. At the parties' request, the court extended the case litigation schedule on August 31, 2021, extending discovery until September 30, 2021, the dispositive motion deadline until November 1, 2021, the deadline for responses to December 1, 2021, and the deadline for replies to December 16, 2021. Docket Entry dated 8/31/2021.

Before Willis's deposition could be taken, however, Willis switched employers, moving from Midwest to Catalina, and defendants determined they no longer needed to depose Willis. ECF Doc. 17 at 2; ECF Doc. 17-2 at 2; ECF Doc. 18 at 1. Midwest then wished to depose Willis, but defendants refused to voluntarily produce him. ECF Doc. 17 at 2; ECF Doc. 17-2 at 2. Midwest attempted to subpoena Willis three times on September 28, 2021 but was unable to locate him. ECF Doc. 17-3 at 2-3. Midwest tried once more on October 15, 2021 by leaving a copy of the subpoena with someone who lived at Willis's purported address, but Willis failed to appear on the deposition date. ECF Doc. 16 at 1-2; ECF Doc. 17-1 at 3; ECF Doc. 17-3 at 3. Midwest then moved the court to compel Willis to sit for deposition. ECF Doc. 17. On

November 16, 2021, the court denied the motion, determining that residence service of the subpoena was inadequate under Fed. R. Civ. P. 45(b)(1). ECF Doc. 19.

The briefing deadlines came and went without a response brief from Midwest, so on December 17, 2021, the court issued an order indicating that it would address defendants' motion for summary judgment on the current record. Docket Entry dated 12/17/2021. Midwest's current motion followed. ECF Doc. 20.

**II.     Law and Analysis**

Midwest argues that its failure to file a timely response to defendants' motion for summary judgment is due to excusable neglect. ECF Doc. 20 at 1. Midwest argues it mistakenly believed that the motion for summary judgment had been withdrawn or stayed pending the completion of discovery in light of an informal statement by the court that the motion for summary judgment was premature. *Id.* Midwest further claims excusable neglect based on the difficulties in deposing Willis. ECF Doc. 20 at 1-2. Midwest argues that it has evidence with which to oppose defendants' motion for summary judgment and that it is generally favored that cases be decided on the merits. ECF Doc. 20 at 2.

Defendants respond that Midwest cannot establish excusable neglect based on confusion over the case management schedule, given that there's no ambiguity on the face of the docket. ECF Doc. 21 at 1-2. They argue that all delays in discovery cited by Midwest occurred prior to December 1, 2021 and that Midwest could have filed a timely brief with affidavits from one of its primary witnesses, Abe Hachen – whom defendants argue Midwest has not produced for deposition. ECF Doc. 21 at 2.

Generally, a court may extend deadlines upon a showing of good cause. Fed. R. Civ. P. 6(b)(1). But when the deadline for which the extension is requested has expired, the moving

3

party must establish that their failure to timely act was because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of what neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Of particular relevance are: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Mann v. Mohr*, 802 F. App'x 871, 878 (6th Cir. 2020) (quotation marks omitted); *see also Pioneer Invs. Servs.*, 507 U.S. at 395.

      The court finds excusable neglect sufficient to reopen and amend the case litigation schedule. Three of the relevant factors weigh in favor of Midwest. Defendants do not claim prejudice as a result of allowing Midwest additional time to file a response. *See* ECF Doc. 21. And defendants' statements in response to Midwest's motion to compel would suggest there wouldn't be prejudice, given that the parties anticipated submitting a new proposed briefing schedule after Willis was deposed. ECF Doc. 18 at 2; *see also* ECF Doc. 17 at 2. The length of the delay isn't excessive and would not adversely impact the proceedings. And there's no indication that Midwest has acted in bad faith.

      On the other hand, some of the reasons offered by Midwest for the delay aren't particularly compelling. Midwest's belief that the motion for summary judgment had been withdrawn is unfounded and contrary to what is reflected on the docket. It is true that the court had held briefing on the motion for summary judgment in abeyance. Docket Entry dated 5/10/2021. But that was before the court had issued a new litigation schedule and later an amended schedule, setting specific and unambiguous deadlines for Midwest's response to

4

defendants' motion. *See* Docket Entries dated 6/02/2021, 8/31/2021. Moreover, the discovery deadline expired on September 30, 2021, without Midwest ever moving for an extension. It would have been unreasonable for Midwest to believe that an abeyance pending completion of discovery meant whenever the parties were satisfied that they had completed discovery, as opposed to the established deadlines. The need to depose Willis, however, is a legitimate and more persuasive reason for the delay, given that he is "central to Plaintiff's case" and the parties had delayed the deposition of four other witnesses until after Willis had been deposed. ECF Doc. 18 at 1; *see Adams v. Wal-Mart Stores, Inc.*, No. 1:19-cv-00551, 2021 U.S. Dist. LEXIS 23211, at *8 (S.D. Ohio Feb. 8, 2021).

In light of all the circumstances of the case, taken together, the court concludes that Midwest's reason for delay, along with other factors, shows excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

### III. Case Litigation Schedule

The parties' briefing on the current motion and Midwest's motion to compel necessitates a reevaluation of the case management schedule. Over eight months have passed since defendants moved for summary judgment. In that time, the parties have continued to conduct discovery. Docket Entries dated 5/07/2021, 8/31/2021. But efforts to complete the depositions that the parties indicated were outstanding as of August 31, 2021 have been delayed by the need to first depose Willis. Docket Entry dated 8/31/2021; ECF Doc. 18 at 1. And defendants appear to be partly at fault for the delay. Willis is defendants' employee and yet defendants, knowing well that completing all outstanding discovery was contingent on obtaining Willis's testimony, have refused to voluntarily produce him. ECF Doc. 17-2 at 2. There remain four depositions to

5

be taken, and the parties until now had agreed that they would seek to amend the case litigation schedule to accommodate additional discovery needs. ECF Doc. 17 at 2; ECF Doc. 18 at 1.

In light of the forgoing, the court finds that, instead of having Midwest file a response to defendants' motion for summary judgment, it is more appropriate to *sua sponte* dismiss defendants' motion for summary judgment without prejudice, establish a new case management schedule, and have defendants refile their motion for summary judgment taking into account new discovery.

Accordingly, Midwest's motion for leave to file an out-of-time response (ECF Doc. 20) is GRANTED.  Defendants' motion for summary judgment (ECF Doc. 15) is DENIED WITHOUT PREJUDICE.  The court further ORDERS that discovery be reopened until February 28, 2022.  If Willis is still in defendants' employ, defendants must make him available for deposition or provide a good address at which he may be noticed for deposition.  Willis's deposition must occur, if at all, by January 31, 2022.  Any outstanding depositions, including Hachen's, must occur by February 28, 2022.  Midwest must make Hachen available for deposition.  Dispositive motions are due by March 15, 2022, by which time defendants may refile their motion for summary judgment.  Midwest's brief in opposition is due by April 14, 2022.  Defendants' reply brief is due April 28, 2022.

**IT IS SO ORDERED**

Dated: December 21, 2021

Thomas M. Parker
United States Magistrate Judge